UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-23630-CIV-MORENO/O'SULLIVAN

DEAN SCHOPP and JO ANN SCHOPP,

    Plaintiffs,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

_____/

## OMNIBUS ORDER

THIS MATTER is before the Court on the parties' respective *Daubert* motions and motions in limine that United States District Judge Federico A. Moreno referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A). (DE# 67, 2/28/17). Having reviewed the applicable filings and law, and having held a hearing on April 12, 2017, and for the reasons stated in Court, it is

ORDERED AND ADJUDGED as follows:

1. Defendant American Airline, Inc.'s Motion to Exclude the Testimony of Plaintiff's Expert Witness, Captain Douglas W. Smith (DE# 35, 1/7/17) is GRANTED IN PART. The defendant seeks to exclude Captain Smith's testimony on the grounds that his opinions are not reliable, not based on sufficient facts or data, and not helpful to the trier of fact. Motion at 1 (DE# 35, 1/7/17). Additionally, the defendant seeks to exclude Captain Smith's Supplemental Expert Report dated December 12, 2016 on the ground that it and the opinions expressed therein concerning Hurricane Joaquin were not timely disclosed. Id. at 2, 7. Under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993), and Rule 702 of the Federal Rules of

Evidence, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993) (other citations omitted). To determine the admissibility of expert testimony under Rule 702, the Court must undertake the following three-part inquiry:

(1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (citing Daubert, 509 U.S. at 589) (other citation omitted). The Eleventh Circuit cautioned that although some overlap among the inquiries regarding expert qualifications, reliability and helpfulness exist, "these are distinct concepts that courts and litigants must take care not to conflate." Id. at 1341. Rule 702 provides in pertinent part that:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. See Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340-41 (11th Cir. 2003). The undersigned finds that Captain Smith is qualified to provide expert testimony regarding what an airlines crew should do when it anticipates air turbulence regarding warnings and seat belt inspection. In the last paragraph of Captain Smith's initial Expert

2

Report dated November 18, 2016, the opinions expressed in the sentences beginning with "Also, if the flight crew ..." and ending with "not done on the subject flight" remain.  See Smith Expert Report 11/18/17 (DE# 35-4, 1/7/17).  The undersigned finds that portions of Captain Smith's expert reports address issues that do not offer technical, scientific or specialized knowledge that is comprehensible by the average juror without the assistance of an expert.  Because expert testimony is not necessary, the portion of Captain Smith's opinion in his initial Expert Report on the issues of:  seat pitch limiting a passenger's ability to clear another passenger to return to a middle or window seat; that more rows of seats on an aircraft increase the airlines' revenue by having more passengers; and that the plaintiffs did nothing unreasonable or improper ARE STRICKEN.  Additionally, Captain Smith's expert opinion in his supplemental Expert Report dated December 6, 2016 is likewise limited to the basis and opinion previously given.  The defendant may re-depose Captain Smith within 30 days of the date of this Order to alleviate any prejudice the defendant may have incurred as a result of the late disclosure of the supplement report.

2. The undersigned RESERVES RULING on the Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE# 58, 2/14/17) until after the parties submit their respective supplemental briefing on whether the United States Federal Aviation Regulations ("FARs") concerning the usage of seat belts

3

apply to the defendant's aircraft when flying over international waters. It is further ORDERED AND ADJUDGED that the plaintiffs shall file a supplemental memorandum of law by May 15, 2017 and the defendant shall file a response by May 30, 2017. The memoranda shall not exceed five (5) pages in length.

3. Plaintiffs' Motion to Exclude Defendant's Proposed Expert Witness J.F. Joseph (DE# 60, 2/15/17) is GRANTED IN PART and DENIED IN PART. The plaintiffs seek to exclude certain testimony of J.F. Joseph on the ground that "expert testimony regarding matters outside of the witness's expertise is inadmissible, even if the expert is qualified to testify about other matters." Cordoves v. Miami-Dade County, 104 F. Supp. 3d 1350, 1358 (S.D. Fla. 2015). Applying Daubert and Rule 702 as discussed in Paragraph 1 above, the undersigned will address each topic of testimony in the order presented in the plaintiffs' motion. The motion in limine is DENIED as to Opinion #1 (compliance with Defendant's procedures and protocols). The motion in limine is GRANTED as to Opinion #2 (obligations of passengers to wear seat belts). The motion in limine is DENIED as to Opinion #3 (election of safest route) and as to Opinion #4 (isolated and unpredictable nature of in-flight turbulence encounters). The motion in limine as to Opinion #5 (failure of plaintiffs to wear seat belts), Opinion #6 (unbelted passengers sustained injuries), and Opinion #7 ("low pitch" seating) ARE GRANTED because these opinions are not helpful to a jury. See Discussion in Paragraph 1 above.

4. Defendant American Airlines, Inc.s' Motion in *Limine* to Exclude Evidence Regarding Insurance, Financial Worth or Assets and Memorandum of Law in Support (DE# 62, 2/17/17) is GRANTED IN PART as to mention of liability insurance, net worth or total assets of the defendant, but not as to mention of resources that the defendant had available to it to "take all necessary measures to avoid the damage" caused to the plaintiffs.

5. Defendant American Airlines, Inc.s' Motion in *Limine* to Preclude Testimony That American Airlines, Inc.'s Actions Were Reckless (DE# 63, 2/17/17) is GRANTED. The plaintiffs' expert is prohibited from describing the defendant's conduct using the term "reckless." The plaintiffs' expert may use other adjectives to describe the defendant's conduct.

6. Defendant American Airlines, Inc.s' Motion in *Limine* Regarding Cockpit Voice Recorder (DE# 64, 2/17/17) is GRANTED because the Court has previously ruled that the defendant was not under a legal obligation to preserve the cockpit recorder and the probative value is outweighed by the unfair prejudice to the defendant.

7. Defendant American Airlines, Inc.s' Motion in *Limine* to Preclude Reference or Use of the Term Hangman's Fracture or Related Testimony (DE# 65, 2/17/17) is DENIED. The undersigned finds that "hangman's fracture" is common terminology that a medical doctor used when describing the injuries to the plaintiff, Mr. Schopp. The probative value outweighs any unfair prejudice to the defendant.

8. Plaintiffs' Omnibus Motion *in Limine* (DE# 66, 2/17/17) is GRANTED IN PART AND DENIED IN PART. The undersigned RESERVES RULING on Subject #1 (references to seat belt fastening instructions as mandatory and legally required) until after the parties complete the supplemental briefing on this issue. The motion in limine is GRANTED as to Subjects #2 ("Special Drawing Rights") and #3 (Cap on damages). The motion in limine as to Subject #4 (damage to the upper cabin due to plaintiffs) is DENIED AS MOOT. The motion in limine as to Subject #5 (imputed contributory negligence of Mr. Schopp to Mrs. Schopp) is GRANTED. The motion in limine as to Subject #6 (Power Point location of hurricane) is DENIED WITHOUT PREJUDICE to renew at trial if the defendant cannot meet the evidentiary requirements for its admission. The motion in limine as to Subject # 7 (Captain Joseph flying as Blue Angels) is DENIED because Captain Joseph's position as the Chief Safety Officer for the Blue Angels is relevant to his expertise.

9. The Plaintiffs' Verified Motion for Attorney's Fees and Expenses (DE# 95, 4/1/17) is DENIED. The defendants were justified in asserting their position regarding ASAP. Although the issue regarding the Passenger Name Record ("PNR") was closer, the plaintiff requested the PNR in a Request for Production and the undersigned ordered the defendant to answer as an interrogatory.

It is further ORDERED AND ADJUDGED that the Plaintiffs' Motion to Strike Defendant's Notices of Supplemental Authority and Attached Authority [D.E. # 97 and

98] (DE# 99, 4/10/17) is DENIED AS MOOT because the defendant is not relying on the case law.

**DONE AND ORDERED** in Chambers at Miami, Florida this **13th** day of April, 2017.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Moreno
All counsel of record