UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-23630-CIV-MORENO/O'SULLIVAN

DEAN SCHOPP and JO ANN SCHOPP,

    Plaintiffs,
v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

**ORDER**

THIS MATTER is before the Court on the Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE# 58; 2/14/17) and the Plaintiffs' Motion for Leave to File Reply to Defendant's Supplemental Brief in Opposition (DE# 111, 6/2/17). After holding a hearing on April 12, 2017, the undersigned required the parties to file supplemental briefs on the issue. See Omnibus Order (DE# 103, 4/13/17). As a preliminary matter, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Leave to File Reply to Defendant's Supplemental Brief in Opposition (DE# 111, 6/2/17) is GRANTED.

The undersigned has carefully reviewed and considered the Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE# 58, 2/14/17), the Defendant American Airlines, Inc.'s Response in Opposition to Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE# 69, 2/28/17), the plaintiffs' reply (DE# 78, 3/7/17), the Plaintiffs' Supplemental Memorandum on Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE# 107, 5/15/17), the Defendant American Airlines, Inc.'s Supplemental Brief in

Opposition to Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE# 110, 5/30/17), and the Plaintiffs' [Proposed] Supplemental Reply Memorandum on Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE#111-1, 6/2/17).   It is

ORDERED AND ADJUDGED that the Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE# 58; 2/14/17) is DENIED for the reasons set forth below.

The plaintiffs' motion *in limine* seeks to exclude "from evidence and argument at trial, any and all references to United States Federal Aviation Regulations ("FARs") concerning the usage of seat belts, on the grounds that such FARs did not apply to Flight 982 at the time and place of the accident at issue, due to the terms of certain international treaties to which the United States is a party, and therefore referring to those FARs at trial would be of no consequence to the litigation and thus irrelevant under Federal Rule of Evidence 401, and also because reference to the FARs would carry the potential to cause unfair prejudice, confusion and/or misleading of the jury." Motion at 1 (DE# 58, 2/14/17).  In their supplemental memorandum, the plaintiffs framed the issue as "whether 14 C.F.R. § 121.317(f), which requires 'each passenger required by [14 C.F.R.] §121.317(b) to occupy a seat or berth' to keep his or her seat belt fastened when the 'Fasten Seat Belt' sign is lighted, is applicable when the aircraft is outside the territory of the United States and flying over the high seas."  Plaintiffs' Supplemental Memorandum at 1 (DE# 107, 5/15/17) (footnote omitted).  In their proposed Supplemental Reply (DE# 111-1, 6/2/17), the plaintiffs argue that "no pronouncement by an administrative agency that lacks a

*specific* statement that seat belt regulations apply extraterritorially can overcome the effect of United States Supreme Court precedent which has repeatedly and unequivocally held that United States federal law–whether expressed in a statute or regulation–has no extraterritorial application absent a clear expression in the law that it is intended to apply beyond the territorial waters of the United States." Plaintiff's proposed Supplemental Reply at 1 (DE# 111-1, 6/2/17)(citations omitted) (emphasis in original).

The defendant maintains that the Federal Aviation Administration ("FAA") has made clear that it intended 14 C.F.R. § 91.11, 14. C.F.R. § 91.107(3), and 14 C.F.R. § 517(c), as well as similar provisions in Part 121, to apply to each person on board an aircraft, whether the aircraft is operated inside or outside of the twelve nautical miles from the United States' coastline. Defendant's Supplemental Memorandum at 1 (citing 64 FR 1076 (Jan. 7, 1999)).

Courts have recognized that the FAA and FARs "establish complete and thorough safety standards for interstate and international air transportation." Abdullah v. American Airlines, Inc., 181 F.3d 363, 365 (3d Cir. 1999). Part 121 prescribes rules governing the "domestic, flag, and supplemental operations of each person who holds or is required to hold an Air Carrier Certification or Operating Certificate under part 119 of this chapter." 14 C.F.R. § 121.1. Part 119 applies to each person operating or intending to operate civil aircraft "[as] an air carrier or commercial operator, or both, in air commerce." American Airlines holds an Operating Certificate and is subject to the requirements in Part 119 and 121. Part 121 is not limited to travel within the United States or its airspace–it applies to international flights operated by the holder of an

3

Operating Certificate and thus, applies to the subject flight between Grenada and Miami, Florida.

The plaintiffs cite no case law for their position that the FARs do not apply when the aircraft passes through airspace of another country or when the aircraft is flying over the high seas.  The defendant could not find any case law that supports the plaintiffs' position.  Section 121.11 states: "Each certificate holder shall, while operating an airplane within a foreign country, comply with the air traffic rules of the country concerned and the local airport rules, <u>except where any rule of this part is more restrictive and may be followed without violating the rules of that country</u>." 14 C.F.R. § 121.11 (emphasis added).  Thus, Part 121 governs where the FAR is more restrictive than the rules of the foreign jurisdiction and does not violate the rules of the foreign jurisdiction.

Annex 2 of the Chicago Convention established two mandatory rules of the air that apply over the high seas without exception, namely visual flight rules and instrument flight rules.  <u>See</u> Ex. C at 125 (DE# 110-3, 5/30/17).  Annex 2 explains in its forward that it intends to "improve safety of flight and to ensure adequate provision of air traffic services over the high seas," but it "in no way affects the legal jurisdiction of States of Registry over their aircraft or the responsibility of Contracting States under Article 12 of the convention for enforcing the Rules of the Air."  <u>See</u> Ex. E, Annex 2 at 143 (DE# 58; DE# 110-5, 5/30/17). The definitions in Annex 2 provide that the appropriate authority when an aircraft is over the high seas is the "relevant authority of the State of Registry."  <u>Id</u>. at 150.  Thus, Annex 2 acknowledges the jurisdiction and authority of States over their aircraft, even when the aircraft is flying over the high seas.

4

"[A]n aircraft no matter where it is operating across the globe, remains under the regulatory control of its home State of registry." *The Principles and Practice of International Aviation Law*, Brian F. Havel & Gabriel S. Sanchez, 2014, p. 48, First Edition.

Annex 2 is silent as to seat belt use and thus, application of parts 91 and 121 regarding seat belt use are not inconsistent with Annex 2. See Ex. E, Annex 2 Index (DE# 110-5, 5/30/17). Instead, Annex 6 of the Chicago Convention addresses "specifications that ensure a level of safety above a prescribed minimum in similar operations throughout the world." See Ex. D (DE# 110-4, 5/30/17). "The purpose of Annex 6, Part I, is to contribute to the safety of international air navigation by providing criteria of safe operating practice ...." Annex 6 Applicability at xviii, Ex. F (DE# 110-6, 5/30/17). Sub-section 4.2.12(a) of Annex 6 is titled "Passengers" and requires "[a]n operator [to] ensure that passengers are made familiar with the location and use of seatbelts." Id. at 4-5. Additionally, Sub-section 4.2.12.4 states that "[t]he operator shall ensure that during take-off and landing and whenever considered necessary by reason of turbulence or any emergency occurring during flight, all passengers on board an aeroplane shall be secured in their seats by means of the seat belts or harnesses provided." Id. at 4-6.

The undersigned finds that the FAA clarified that "[a]ll of the requirements of part 91 were made applicable to civil aircraft of U.S. Registry operating outside the U.S. pursuant to a final rule issued June 15, 1966." 64 FR 1076, 1077 (Jan 7, 1999) (citing 31 FR 8354 (June 15, 1966)) (emphasis added). Section 91.1(c) of Chapter 14 of the Code of Federal Regulations clarified that "part 91 also applies to each person aboard

an aircraft operated under this part." 64 FR 1076, 107; 14 C.F.R. § 91.1(c).  Similarly, Section 121.1(e) provides that part 121 "applies to each person on board an aircraft." Id. at 1078 (citing 14 C.F.R. § 121.1(e)).

The FAA has explained that "Section 91.703(a)(3) states that each person operating a civil aircraft of U.S. registry <u>outside the United States</u> shall comply with part 91 so long as compliance is not inconsistent with the applicable regulations of the foreign country where the aircraft is operated or with Annex 2 of the Chicago Convention."  <u>See</u> Ex. B, FAA Letter 1/27/2006 (DE# 110-2, 5/30/17).  In 2007, the FAA issued an interpretation letter that concluded that not only does Annex 2 apply over the high seas, but the FARs in part 91 also applied.  <u>See</u> Ex. C, April 10, 2007 Letter (DE# 69, 2/28/17).  The defendant argues that the FAA's reasoning regarding part 91 equally applies to the seat belt provisions in part 121.  The defendant contends that the FAA's interpretation should be "afforded substantial deference and upheld unless 'plainly erroneous or inconsistent with the regulation."  <u>Air Transport Ass'n of America, Inc. v. F.A.A.</u>, 351 U.S. App. D.C. 399, 403 (D.C. Cir. 2002) (quoting <u>Thomas Jefferson Univ. v. Shalala</u>, 512 U.S. 504, 512 (1994)).

Sub-section 91.517(d) provides in pertinent part that "[e]ach passenger required by § 91.107(a)(3) to occupy a seat or berth shall fasten his or her safety belt about him or her and keep it fastened while any 'fasten seat belt' sign is lighted."  14 C.F.R. § 91.517(d).  Sub-section 91.517(e) states that "[e]ach passenger shall comply with instructions given him or her by crew members regarding compliance with paragraphs (b), (c), and (d) of this section.   14 C.F.R. § 91.517(e).

Sub-section 121.1(e) makes part 121 apply to "[e]ach person who is on board an

6

aircraft being operated under this part." 14 C.F.R. § 121.1(e).

The plaintiffs argue that since sub-section 121.317(f) does not explicitly state that it applies to passengers who are over the high seas (or elsewhere outside of the United States), it must be held to apply only within the United States and its territories. Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247, 130 S. Ct. 2869, 2877-2878 (2010) (recognizing that "Congress ordinarily legislates with respect to domestic, not foreign matters"); Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 440 ("When it desires to do so, Congress knows how to place the high seas within the jurisdictional reach of a statute.") (footnote omitted).

The undersigned finds that because the federal aviation regulations regarding seat belt use are not inconsistent with Annex 2 of the Chicago Convention and thus, the regulations of the State of Registry (United State's FARs) remain in effect over the high seas, the subject regulations apply to passengers on board U.S. registered aircraft outside of the United States. Accordingly, the Plaintiffs' Motion *in Limine* to Exclude All References to U.S. Federal Aviation Regulations Concerning Seat Belt Use (DE# 58; 2/14/17) is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida this **24** day of July, 2017.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Moreno
All counsel of record